· No. 2587.

WILLIAM BEAN, ALIAS WHITE, *v.* THE STATE.

THEFT—FACT CASE—POSSESSION OF STOLEN PROPERTY by the accused, however recent that possession may be, if explained and accounted for, and shown by the evidence to be lawful, will afford against the accused no legal presumption of guilt of theft. See the opinion for the substance of evidence *held* insufficient to support a conviction for the theft of a mare.

APPEAL from the District Court of McLennan. Tried below before the Hon. Eugene Williams.

The conviction in this case was for the theft of a mare, the property of William Little. The penalty assessed against the appellant was a term of five years in the penitentiary. The opinion states the substance of the evidence.

*Jenkins & Jenkins* and *Clark, Dyer & Bolinger*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State

WILLSON, JUDGE. About September 10, 1885, William Little's mare was stolen from him in Bell county. Eleven months thereafter, to wit, about the twenty-seventh of August, 1886, she was in the possession of the defendant in McLennan county, who then and there, under the name of White, traded her to one Turner. The above recited circumstances constitute the evidence upon which this conviction is founded. There is not a particle of other criminative evidence in the record before us. On the contrary, the State, by one of her own witnesses, proved that in August, 1886, the defendant puchased said mare, and the testimony of this witness went before the jury uncontradicted by any other evidence adduced on the trial.

As presented to us, the conviction is unsupported by the evidence. Defendant's possession of the mare can not be said to be recent, and can, therefore, at most, afford but slight ground for the presumption of guilt against him. His possession, how-

ever, was explained and accounted for by the State's testimony, and shown to be a lawful one, and such being the case, although his possession might have been recent, it would not have afforded a legal presumption of guilt. (Lehman v. The State, 18 Texas Ct. App., 174; Tucker v. The State, 16 Texas Ct. App., 471; Norwood v. The State, 20 Texas Ct. App., 306.)

Because the judgment is unsupported by the evidence, it is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered October 19, 1887.