### Ambrosio Menchaca v. The State.

#### No. 382.    Decided February 2, 1910.

Burglary—Recent Possession—Remoteness.

Where upon trial for burglary, the evidence showed that defendant was. not seen with the alleged stolen property until at least three and one-half months or more after the alleged taking, the possession was too remote to come under the rule of possession of recently stolen property. Ramsey, Judge, assenting conditionally.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Owen & Boykin,* for appellant.—On question of recent possession;

Curlin v. State, 23 Texas Crim. App., 681; Wheeler v. State, 34 Texas Crim. Rep., 350, 30 S. W. Rep., 913; Boyd v. State, 24 Texas Crim. App., 570; Bragg v. State, 17 Texas Crim. App., 219; Porter v. State, 45 Texas Crim. Rep., 66, 73 S. W. Rep., 1053; Rex v. Adams, 3d Car. & P., 600.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

1. The indictment charged the house entered belonged to Ruby Wilson. Ruby Wilson and her sister testified they were occupying a room in a flat; that in the early morning, about 8 or 8.30 o'clock the room was locked by Ruby Wilson and the two ladies went away. About 12 o'clock they returned and found the door unlocked but closed. Upon entering their room they discovered that some jewelry was missing. This occurred about the 16th of June. About three and a half or four months afterward appellant was discovered with one piece of jewelry which was identified by them as their property. His arrest and this prosecution followed. This is practically the State's case. Appellant stated at the examining trial that he traded for the piece of jewelry in front of a certain saloon. This was in contradiction or impeachment of his statement in which he testified before the jury that he traded for it in the saloon. His contention is that he testified at the examining trial as he did on the final trial; that he did not state that he bought it in front of the saloon, but that he bought it in the saloon in front of the bar. It is contended the evidence is not sufficient to connect him with the burglary. It will be noted that the only substantial fact relied upon is appellant's possession of the property, which he explained by swearing that he bought it from another Mexican, appellant himself being a Mexican. The rule is fairly well settled, that where a burglary is shown to have been committed, that is, where a house has been forcibly entered and property taken, and shortly thereafter the accused party is found in possession of property taken out of the house, this will be, ordinarily, sufficient to justify the jury in believing the accused to be the party who entered the house and secured the property. If he gives a reasonable explanation of such possession, the State must meet and disprove that explanation, but that rule has not been held to apply in cases where the possession is not recent. This evidence shows that appellant was not seen with the property until at least three and one-half months or more after it is contended the house was entered. The possession is too remote to come under the rule of possession of recently stolen property. See Curlin v. State, 23 Texas Crim. App., 681; Boyd v. State, 24 Texas Crim. App., 570; Bragg v. State, 17 Texas Crim. App., 219. There are other cases, but these are sufficient.

Because the evidence is not sufficient, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE.—I think in view of the explanation given and the unimportant discrepancy in such explanation, and the failure to rebut same, taken in connection with the lapse of time from the burglary to the date of appellant's possession, that it may well be doubted whether the evidence is sufficient. I doubt if we should hold under the facts, as a matter of law, that such possession was not recent, as in law that term is used.