Gilbert W. SUTHERLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 67359.

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1984.

Robert C. Hinton, Jr., James E. Shoemaker, Dallas, for appellant.

Patrick C. Batchelor, Dist. Atty., Corsicana, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Gilbert W. Sutherlin, appellant, was convicted by a jury of theft of one John Deere bulldozer of the value of more than $10,-000, that was then owned by Jerry Daniels, its special owner. The jury also assessed punishment at seven (7) years' confinement in the Department of Corrections and a $10,000 fine.

Appellant asserts in one ground of error that the evidence is insufficient to sustain the verdict of the jury. We agree.

In pertinent part, the indictment against appellant alleges that he "did then and there intentionally, knowingly and unlawfully appropriate property, to wit: one John Deere bulldozer of the value of more than ten thousand dollars, from Jerry Dan-

iels without the effective consent of Jerry Daniels, the owner thereof, and with intent to deprive said owner of said property." This alleges an offense under V.T.C.A., Penal Code, Section 31.03(b)(1), the actual theft statute. It does not, however, allege an offense under Section 31.03(b)(2), which proscribes receiving stolen property.[1]

In light of appellant's contention, that the evidence is insufficient, it is necessary that we review the salient facts of the case, which come to us from the State's witnesses who testified in this cause.

The facts reflect that during the month of August, 1979, personnel of Lightning Construction Company, located in Corsicana, discovered that a company bulldozer, valued at approximately $25,000, was missing from the location where it had been placed. It was taken without the consent of Jerry Daniels, the then owner of the corporation, who was, of course, a special owner of the bulldozer. Subsequently, on September 17, 1979, after the bulldozer could not be located, the loss was reported to personnel of the Navarro County Sheriff's Office, who thereafter commenced an investigation.

The evidence also reflects that on January 19, 1980, Charlie Jock borrowed a bulldozer from appellant. About two weeks later, the bulldozer got stuck in mud. For reasons not reflected in the record of appeal, Jock contacted personnel of the Navarro County Sheriff's Office for assistance. A deputy sheriff came out, examined the bulldozer, and discovered that the

bulldozer had the same serial number on it as did the bulldozer that had been unlawfully removed from where it had been put by personnel of Lightning Construction Company.

■ The evidence further reflects that on February 6, 1980, at a time when he was incarcerated in the Navarro County Jail, but after he was given his *Miranda* [2] warnings, appellant was confronted by a Navarro County deputy sheriff who attempted to question him why he had had possession of the stolen bulldozer. Appellant declined to answer; instead, he demanded that he be permitted to consult with the attorney who was then representing him. The deputy sheriff then terminated his questioning.[3]

Contrary to most cases where the State relies upon the defendant's possession of stolen property to establish his guilt, in this instance, the State did not present any accomplice witness testimony. Nor did the State present evidence that at the time appellant was confronted by the deputy sheriff he attempted to flee.

Since the direct evidence that was adduced in no way indicates that appellant participated, either individually or as a party, in the original theft of the bulldozer, it is necessary for us to determine whether the State established appellant's guilt through circumstantial evidence. See *Cooper v. State*, 537 S.W.2d 940, 944 (Tex.Cr. App.1976).

■ The standard for reviewing the sufficiency of the evidence on appeal is the

---

1. Section 31.03(a)(b)(1) and (2) provides:
   (a) A person commits [the] offense of [theft] if he unlawfully appropriates property with intent to deprive the owner of property.
   (b) appropriation of property is unlawful if:
   (1) it is without the owner's effective consent; or
   (2) the property is stolen and the actor appropriates the property knowing it was stolen by another.
   Because this Court held in *Casey v. State*, 633 S.W.2d 885 (Tex.Cr.App.1982), that the State may not sustain a conviction for a violation of Section 31.03(b)(2), when it has only alleged a violation of Section 31.03(b)(1), it is unnecessary for us to consider or determine whether appellant, if he had been charged as a receiver

of stolen property, could have been found guilty under the facts and circumstances of this case for that offense.

2. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Although the jury was not made aware of the circumstances of the deputy sheriff's contact with appellant, nevertheless, the trial judge committed reversible error when he admitted, over objection, evidence that appellant had failed to give the deputy sheriff any explanation why he had had possession of the stolen·bulldozer. See *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Cuellar v. State*, 613 S.W.2d 494 (Tex.Cr.App.1981).

same for direct and circumstantial evidence cases; and that is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983); *Freeman v. State,* 654 S.W.2d 450 (Tex.Cr. App.1983); *Denby v. State,* 654 S.W.2d 457 (Tex.Cr.App.1983); *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983); see also *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Notwithstanding that we find that the above facts clearly establish that appellant was in exclusive possession of the stolen bulldozer at the time he loaned it to Charlie Jock, under the law, this, standing alone, is insufficient to sustain the State's burden of proof to establish appellant's guilt. Normally, recent, unexplained possession of stolen property is a sufficient circumstance, in and of itself, to convict the possessor of stolen property of the theft of the property. However, before such rule of law may be invoked by the State, it must establish all of the elements of the rule, namely, it must establish that such possession was personal, recent, unexplained, and involved a distinct and conscious assertion of the property by the defendant. Remote possession of stolen property, unaccompanied by other facts connecting the defendant with the unlawful taking of the property, is insufficient to support a conviction under the above rule of law. 55 *Tex. Jur.2d,* Section 217. To draw the inference of guilt from the circumstance alone of possession of stolen property, the defendant must be shown to have been in possession thereof recently after the actual theft. See *McKnight v. State,* 399 S.W.2d 552, 555 (Tex.Cr.App.1966); 5 *Branch's Ann. P.C., 2d Ed.* Sections 2650 and 2651. However, mere possession of stolen property does not give rise to a presumption of guilt; it is only an inference of guilt, which is not conclusive of the defendant's guilt. *Hardesty v. State,* 656 S.W.2d 73 (Tex.Cr.App. 1983).

In this instance, other than appellant's mere possession of the stolen bulldozer almost five months after the actual theft, there is no other evidence connecting him or tending to connect him to the actual theft of the bulldozer.

■ Ordinarily, whether stolen property is "recently" possessed by the defendant is a question of fact, see *Smith v. State,* 518 S.W.2d 823 (Tex.Cr.App.1975); *Ellard v. State,* 509 S.W.2d 622 (Tex.Cr.App.1974); *Wall v. State,* 167 Tex.Cr.App. 634, 322 S.W.2d 641 (Tex.Cr.App.1959); *Allen v. State,* 262 S.W. 502 (Tex.Cr.App.1924), and not of law. However, depending on the facts and circumstances of the case, such possession of stolen property may be remote as a matter of law. *Yates v. State,* 37 Tex.Rep. 202 (Tex.Sup.Ct.1873); *Bragg v. State,* 17 Tex.App. 219 (Tex.Ct.App. 1884); *Bean v. State,* 24 Tex.App. 11, 5 S.W. 525 (Tex.Ct.App.1887); *Menchaca v. State,* 58 Tex.Cr.R. 198, 125 S.W. 20 (Tex. Cr.App.1910); *Preston v. State,* 178 S.W.2d 522 (Tex.Cr.App.1944).

■ In this instance, before it was established that appellant was in possession of the stolen bulldozer, almost five months had elapsed since the bulldozer had been missed from its location. Although such was a circumstance of guilt, it was, standing alone, only a circumstance of his guilt, which was not conclusive of his guilt. *Hardesty v. State,* supra. Furthermore, the inference of guilt that might be drawn from mere possession of stolen property necessarily greatly diminishes as time elapses, until it becomes so slight as to hardly make an impression upon a reflecting mind. *Yates v. State,* supra.

■ From the above summary of the facts, it should be obvious that appellant's conviction rests solely upon the inference of guilt from his mere possession of the stolen bulldozer. The evidence does not establish that such possession was recent. Because appellant's possession of the stolen bulldozer was not shown to have been recent possession, we are precluded from invoking and applying the rule of law that

governs recent, unexplained possession of stolen property. See supra. Furthermore, but as previously noted, remote possession of stolen property, unaccompanied by other incriminating facts, is insufficient to support a theft conviction.

As the State has failed to prove beyond a reasonable doubt what it alleged, we are compelled to hold that the evidence is insufficient, as a matter of law, to sustain appellant's conviction. Under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), appellant is entitled to an acquittal.

The judgment of conviction is reversed and the cause remanded to the trial court so that it can enter a judgment of acquittal on behalf of appellant.

CLINTON, Judge, concurring.

Though I agree that the evidence is insufficient to support the verdict of the jury finding appellant guilty of theft and, therefore, concur with much of the opinion and with the judgment of the Court, I must again disassociate myself from its continuing adherence to the mistaken analysis of V.T.C.A. Penal Code, § 31.03 made by a panel of the Court in *Casey v. State*, 633 S.W.2d 885 (Tex.Cr.App.1982). See *Berg v. State*, — S.W.2d —— (Tex.Cr.App., No. 451–83, delivered November 14, 1984) (Clinton, J., dissenting).

There is no such offense as "actual" theft relative to "receiving stolen property" or some other purported kind of theft. Theft is theft is theft. V.T.C.A. Penal Code, § 31.02: "Theft as defined in Section 31.03 of this code constitutes a single offense ..."

Use of such terms in the opinion of the Court in this instant cause is reminiscent of *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr. App.1976), *viz:*

> "Since the evidence in no way indicates that he participated in the *actual taking*

of the car, his offense must fall within Subsection (b)(2) of Section 31.03..."
*Id.*, at 944.[1]

To persist in an archaic idiom is to obfuscate, if not to mislead. In the factual context of this cause "appropriate" means "to acquire *or otherwise exercise control* over property other than real property." V.T. C.A. Penal Code, § 31.01(5)(B). Thus, "actual taking" or whatever the manner of acquiring property is no longer a significant factor for attention. Similarly, acquiring or otherwise exercising control over property known to have been stolen by another can be accomplished without "receiving stolen property." *Berg v. State*, supra. We should abandon outmoded language in favor of more precise terminology utilized by the Legislature in prescribing ingredients of the offense of theft.

And *Casey v. State*, supra, should be overruled, although this is not the occasion.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-cated.