**Olga Lee SONNIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–90–00403–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 8, 1993.

Dissenting Opinion of Justice Duggan to Denial of Rehearing May 14, 1993.

ON MOTION FOR REHEARING ■

Rehearing Denied.

DUGGAN, Justice, dissenting.

I respectfully dissent from the full court's vote overruling the State's motion for rehearing en banc. As a member of the panel that heard this appeal and unanimously reversed the trial court, I now believe we erred and should grant the State's motion and affirm the trial court's judgment. I would now hold that (1) there is no basis in the record for the "reasonable hypothesis" we found inconsistent with appellant's guilt, and that (2) we erroneously applied the opinion's correctly stated standard of review on appeal.

The essential facts are that a pawn shop employee, who purchased the four P.V. (Peavey) speakers stolen from the complainant, testified that two men came into the shop on the morning following the theft and attempted to sell the speakers. Store employees refused to make the purchase because the two men had no identification. Within a short time, appellant entered the pawnshop with the two men. Appellant furnished her personal identification, signed her own name to the transaction documents, pawned the four speakers, and collected $250 for the items collectively worth between $1,400 and $2,000.

Our original opinion concluded that, in this case tried pre-*Geesa*,[1] the evidence showed a reasonable hypothesis other than that appellant knew the property was stolen by another. On further review, I believe there is no evidentiary basis for the "reasonable hypothesis" recognized by the panel opinion, i.e., that "appellant just as reasonably could have been doing a favor for her friends or acquaintances when she accompanied them to the pawn shop and used her own ID so the speakers could be pawned."

In accepting this "favor for her friends" hypothesis, I believe we erred in relying on the testimony of police Sergeant Graves. Graves testified that appellant phoned him after the pawn shop transaction and told him she pawned the speaker "for some friends" who did not have a driver's license.

Graves' testimony was hearsay, was objected to by the State, and was selectively limited in its content. The trial judge stated she would not consider it; appellant's counsel even stated that he introduced the testimony "simply to prove [appellant] gave an explanation to the police for why she possessed the speakers *and not for the truth*." (Emphasis added.) Graves did not testify that appellant told him *she did not know* her friends had stolen the property; neither did appellant identify her friends to Graves, or say what she knew about their ownership of the property. Graves' testimony therefore does not support appellant's position on appeal—or our majority's hypothesis—that appellant did not know the property was stolen.

Finally, I believe our panel opinion has incorrectly applied the standard of appellate review that we correctly stated. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex. Crim.App.1989); *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984). After viewing the evidence in the light most favorable to the judgment, a rational trier of fact could have found the essential

1. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991).

**252**

elements of this crime beyond a reasonable doubt.

Sergeant Graves' statement, i.e., that appellant told him she sold the speakers as a favor for friends who had no driver's license for identification, did no more than put before the fact finder the same explanation it would have heard if appellant herself had so testified. Had she so testified, I believe the trier of fact would have been authorized to disbelieve her explanation.

Our panel opinion essentially precluded the trier of fact, the exclusive judge of the credibility of the witnesses, from disbelieving appellant's hearsay explanation. An appellate court may not supplant the fact finder's judgment with its own view of the testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992). I believe we erred in refusing to allow the trial court to reject appellant's explanation of her possession of the stolen goods.

In *McQueen v. State*, 781 S.W.2d 600 (Tex.Crim.App.1989), an unauthorized use of a motor vehicle case, McQueen explained to police his possession of a recently stolen motorcycle in a written statement, giving details and naming the person from whom he claimed to have borrowed the complainant's motorcycle. The trial court rejected his explanation. The Court of Criminal Appeals stated:

> As to the evidence of appellant's mistake of fact concerning the circumstances surrounding appellant's operation of the motorcycle, i.e., that appellant believed the owner of the motorcycle was Tim Eden and that he had Tim Eden's consent to operate the vehicle, *the trial court was, as pointed out by the court of appeals, free to reject this evidence.*

781 S.W.2d at 604–605 (emphasis added). If the *McQueen* trial court could reject a defendant's own written explanation naming the person from whom he claimed to have borrowed a vehicle, surely the trier of fact in the case before us should be allowed to reject our defendant's explanation, made only through a third person, not offered to prove the truth of the matter asserted, and

claiming to have pawned property for unidentified friends.

I would grant the State's motion for rehearing en banc and affirm the trial court's judgment.

MIRABAL and WILSON, JJ., also sitting.