TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00381-CR







James Elder Palmer, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 49,192, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 James Elder Palmer, appellant, was found guilty by a jury of burglary of a
habitation. See Tex. Penal Code § 30.02(a) (West Supp. 2000). The district court assessed
punishment at fifteen years' confinement and a $2,500 fine. In two issues, appellant claims the
evidence is legally and factually insufficient to support his conviction. We will affirm the district
court's judgment. 


Factual Background

 On the afternoon of June 26, 1998, the Temple Police Department received a report
that Melissa Suniga's house had been burglarized. Two officers responded to the call and saw that
a door into the kitchen had been forced open, shattering a pane of glass, dislodging a railing, and
leaving a hole in the wall behind the door. They did not find eyewitnesses or fingerprint or shoe
print evidence. Several items, including Suniga's television, were missing. Suniga had left her
house that morning between 7:00 and 7:10 a.m. 

 George Thompson, an employee at the Gem Pawn Shop in Temple, testified he
wrote out a pawn ticket for a television on June 26, 1998. The television was identified by its
serial number as Suniga's stolen property. Thompson's usual practice in writing pawn tickets is
first to view the driver's license or other picture identification for the person pawning the item. 
He writes out a pawn ticket with information from the identification, including name,
identification number, address, height, and eye color. He includes the day the item is pawned and
a description of the item, including model and serial numbers. The person pawning the item then
signs the ticket. Even if Thompson knows a person by sight, his practice is to require that person
to show picture identification to pawn an item.

 Kathy Brisbin, manager of the Gem Pawn Shop, testified that a person wishing to
pawn items must present state-approved picture identification and claim ownership, signing an
acknowledgment, "I attest that this merchandise is mine." The pawn shop has a computer system
that records ticket information and the time and date of each transaction. Brisbin produced
computer records indicating that appellant pawned Suniga's television at 11:23 a.m. on June 26. 
Brisbin supplied a copy of the pawn ticket noting the brand, model number, and serial number of
Suniga's television. She also supplied copies of several other tickets completed for appellant in
June and July 1998. Brisbin identified appellant and said she personally had written at least one
pawn ticket for him. She testified that the drivers license number on the ticket for Suniga's
television matched the identification number on the ticket she completed and the other tickets
written out for appellant. Brisbin testified she was familiar with appellant's handwriting due to
their business dealings and said the signature on the ticket for Suniga's television appeared to
match appellant's signatures on the other tickets. Brisbin said that if she knows a customer
personally and previously has seen his picture identification, she is not legally required to see his
identification every time he transacts a loan. She testified that Thompson has a bad memory for
faces and names and does not spell well; she said this explained why he usually asks to see
personal identification automatically. Of the ten pawn tickets in evidence, the only one Thompson
completed was the ticket for Suniga's television. 

 Detective Roper is the pawn shop liaison officer for the Temple Police Department. 
He retrieves stolen property from pawn shops in the Temple area and reviews pawn tickets for
stolen property. Roper received a tip through Crime Stoppers that Suniga's television was at the
Gem Pawn Shop. He retrieved the television and the pawn ticket naming appellant. No one has
explained why appellant had Suniga's stolen television set about four hours after she left her
house. 


Standard of Review

 In reviewing the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found
the elements of the crime beyond a reasonable doubt. See Rojas v. State, 986 S.W.2d 241, 246-47 (Tex. Crim. App. 1998); Wheeler v. State, 952 S.W.2d 603, 604 (Tex. App.--Austin 1997, pet.
ref'd). In reviewing for factual sufficiency, we view all of the evidence and will set aside a
verdict only if it is so against the overwhelming weight of the evidence as to be clearly wrong and
unjust. Rojas, 986 S.W.2d at 247; Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997,
pet. ref'd). 


Analysis

 A defendant commits burglary of a habitation when he enters another's habitation,
without the owner's consent, and commits or attempts to commit a felony, theft, or assault. See
Tex. Penal Code § 30.02(a)(3) (West Supp. 2000). The evidence in this case is uncontroverted
that someone entered Suniga's habitation without her consent and committed theft. Appellant
argues the evidence is insufficient to prove it was he that committed the burglary. We disagree.

 Recent, unexplained possession of stolen goods may give rise to an inference of
guilt and may be sufficient to support a conviction for theft or burglary, depending on
circumstances such as how close in time to the theft the defendant possessed the goods. See
Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). To use recent, unexplained
possession as evidence of guilt, the State must show the defendant's possession (1) was
unexplained, personal, and recent to the theft, and (2) involved a distinct and conscious assertion
of ownership. See id.

 When a defendant does not deny under oath that a signature on a document is his,
the jury may compare the alleged signature with other evidence of the defendant's handwriting
and determine whether the defendant signed the document in question. See Tex. Code Crim.
Proc. Ann. art. 38.27 (West 1999); Denby v. State, 654 S.W.2d 457, 461 (Tex. Crim. App.
1983). Appellant did not deny under oath having signed the pawn ticket for Suniga's television
set, and other tickets for appellant were submitted as comparison evidence. 

 Viewed in the light most favorable to the jury's guilty verdict, the evidence
indicates that appellant pawned Suniga's television about four hours after Suniga left for work. 
We hold the evidence is legally sufficient to support the verdict. 

 Taking all the evidence into account, the facts are that a person identifying himself
as appellant had unexplained possession of Suniga's stolen television shortly after the burglary and
explicitly asserted that he owned the television. Testimony established that the person pawning
the television would have had to show appellant's valid picture identification, from which
appellant's personal information was taken. The information and signatures on the other pawn
tickets made out for appellant match the information and signature on the ticket for the stolen
television. The evidence is factually sufficient to support the guilty verdict. 

 We overrule appellant's issues and affirm the judgment of the district court.



 
 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: January 6, 2000

Do Not Publish



television. 

 Detective Roper is the pawn shop liaison officer for the Temple Police Department. 
He retrieves stolen property from pawn shops in the Temple area and reviews pawn tickets for
stolen property. Roper received a tip through Crime Stoppers that Suniga's television was at the
Gem Pawn Shop. He retrieved the television and the pawn ticket naming appellant. No one has
explained why appellant had Suniga's stolen television set about four hours after she left her
house. 


Standard of Review

 In reviewing the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found
the elements of the crime beyond a reasonable doubt. See Rojas v. State, 986 S.W.2d 241, 246-47 (Tex. Crim. App. 1998); Wheeler v. State, 952 S.W.2d 603, 604 (Tex. App.--Austin 1997, pet.
ref'd). In reviewing for factual sufficiency, we view all of the evidence and will set aside a
verdict only if it is so against the overwhelming weight of the evidence as to be clearly wrong and
unjust. Rojas, 986 S.W.2d at 247; Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997,
pet. ref'd). 


Analysis

 A defendant commits burglary of a habitation when he enters another's habitation,
without the owner's consent, and commits or attempts to commit a felony, theft, or assault. See
Tex. Penal Code § 30.02(a)(3) (West Supp. 2000). The evidence in this case is uncontroverted
that someone entered Suniga's habitation without her consent and committed theft. Appellant
argues the evidence is insufficient to prove it was he that committed the burglary. We disagree.

 Recent, unexplained possession of stolen goods may give rise to an inference of
guilt and may be sufficient to support a conviction for theft or burglary, depending on
circumstances such as how close in time to the theft the defendant possessed the goods. See
Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). To use recent, unexplained
possession as evidence of guilt, the State must show the defendant's possession (1) was
unexplained, personal, and recent to the theft, and (2) involved a distinct and conscious assertion
of ownership. See id.

 When a defendant does not deny under oath that a signature on a document is his,
the jury may compare the alleged signature with other evidence of the defendant's handwriting
and determine whether the defendant signed the document in question. See Tex. Code Crim.
Proc. Ann. art. 38.27 (West 1999); Denby v. State, 654 S.W.2d 457, 461 (Tex. Crim. App.
1983). Appellant did not deny under oath having signed the pawn ticket for Suniga's television
set, and other tickets for appellant were submitted as comparison evidence. 

 Viewed in the light most favorable to the jury's guilty verdict, the evidence
indicates that appellant pawned Suniga's television about four hours after Suniga left for work. 
We hold the evidence is legally sufficient to support the verdict. 

 Taking all the evidence into account, the facts are that a person identifying himself
as appellant had unexplained possession of Suniga's stolen television shortly after the burglary and
explicitly asserted that he owned the television. Testimony established that the person pawning
the television would have had to show appellant's valid picture identification, from which
appellant's personal information was taken. The information and signatures on the other pawn
tickets made out for appellant match the information and signature on the ticket for the stolen
television. The evidence is factually sufficient to support the guilty verdict. 

 We overrule appellant's issues and affirm the judgment of the district court.



 
 

 Lee Yeakel, Justice