MEMORANDUM OPINION




No. 04-03-00826-CR



William MONTGOMERY,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-5892


Honorable Philip Kazen, Jr., Judge Presiding


 

Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: June 2, 2004


AFFIRMED

 William Montgomery was tried by a jury and convicted of murdering Raul Martinez. In one
issue, Montgomery contends there is legally insufficient evidence to support his conviction. We
affirm.


Background

 On June 26, 2002, William Montgomery encountered Raul Martinez on Golden Forest Street
in San Antonio, Texas. Montgomery and Martinez became involved in an argument, which
immediately escalated into a fight. One of the men pulled out a pistol during the course of the fight,
although it is unclear from the record who. Both men wrestled for control of the pistol; however, it
was Montgomery who ultimately gained control over the weapon. When he did, Montgomery aimed
the pistol at Martinez and shot Martinez two times in his upper body, killing him. 

 Montgomery was subsequently charged with murder. A jury eventually convicted
Montgomery of the alleged offense, sentencing Montgomery to 35 years imprisonment and fining him
$10,000.

Sufficiency of the Evidence

 In his sole issue, Montgomery asserts the evidence is legally insufficient to support his
conviction. A one-count indictment charged Montgomery with murder in two separate paragraphs,
each charging a different theory of murder. Paragraph A alleged Montgomery intentionally and
knowingly caused Martinez's death by "shooting [Martinez] with a deadly weapon, namely: a
firearm." Paragraph B alleged Montgomery, intending to cause serious bodily injury, committed an
act clearly dangerous to human life by "shooting [Martinez] with a deadly weapon, namely: a firearm,
thereby causing [Martinez's] death." Montgomery claims the evidence is insufficient to support a
finding that: (1) he intentionally or knowingly caused Martinez's death; or (2) Martinez's gunshot
wounds constituted serious bodily injury. 

 The standard for reviewing a challenge to the legal sufficiency of the evidence is the same for
both direct and circumstantial evidence cases; we view the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Sutherlin v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App.
1984). "Although our analysis considers all evidence presented at trial, we may not re-weigh the
evidence and substitute our judgment for that of the jury." King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000). 

 Proof of a culpable mental state generally derives from circumstantial evidence. Hernandez
v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). Knowledge and intent can be inferred from
the acts, words, and conduct of the accused. See id.; Martinez v. State, 844 S.W.2d 279, 283 (Tex.
App.--San Antonio 1992, pet. ref'd). A jury may infer the specific intent to kill from the use of a
deadly weapon, unless in the manner of its use it is reasonably apparent that death or serious bodily
injury could not result. Godsey v. State, 719 S.W.2d 578, 580-81 (Tex. Crim. App. 1986).

 In the present case, Lisa Samaniego and Johnny Hernandez witnessed the incident in question.
Both of the witnesses testified that they saw Montgomery aim the pistol at Martinez. The witnesses
further testified that they saw Montgomery shoot Martinez twice. This evidence, when viewed in the
light most favorable to the verdict, is legally sufficient to support the jury's finding that Montgomery
intentionally or knowingly caused Martinez's death. See Childs v. State, 21 S.W.3d 631, 635 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd) (holding evidence was sufficient to prove the defendant
intended to cause the death of his victim where defendant pointed his pistol at and shot at his victim
twice). Because the State sufficiently proved its first theory of murder, we need not address
Montgomery's complaint regarding the sufficiency of the evidence to support the State's alternative
theory of murder, i.e., that the evidence was insufficient to prove Martinez's gunshot wounds
constituted serious bodily injury. See Martinez v. State, 129 S.W.3d 101, 106 (Tex. Crim. App.
2004) (recognizing that when the charge authorizes the jury to convict on more than one theory, the
verdict must be upheld if the evidence is sufficient on any one of the theories). Accordingly,
Montgomery's sole appellate issue is overruled.

 The judgment of the trial court is affirmed. 


 Catherine Stone, Justice


Do Not Publish