Affirmed and Memorandum Opinion filed May 5, 2005









Affirmed
and Memorandum Opinion filed May 5, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00322-CR

____________

 

ADRIAN ARNELL
MILLER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 942,835

 



 

M E M O R A N D U M   O P I N I O N

Appellant Adrian Arnell Miller was
convicted by a jury of burglary of a habitation, and the trial court sentenced
him to thirty-five years’ confinement in the Texas Department of Criminal
Justice, Institutional Division.  In two
issues, appellant contends the evidence is legally and factually insufficient
to establish that he entered the complainant’s residence.  For the reasons stated below, we affirm. 

 








Factual Background

On January 24, 2003, Matthew Dilick, the owner of a real
estate development and construction company, visited a recently-purchased
apartment complex.  As he stood near the
entrance to the complex with two co-workers, he saw appellant walk by and enter
the complex.  Dilick later saw appellant
leaving the general area of the complainant’s apartment carrying a red
suitcase.  

At around the same time, the complainant, Stephen Luquette,
arrived at the complex.  As he drove in,
he noticed appellant loading a “reddish maroon” bag into a car.  Luquette drove into the carport to park, and
from there could see that the front door to his apartment was open.  Walking to his apartment, he saw that the
front door had been kicked in and the patio door also was open.  Inside the apartment, Luquette saw that two
computers were missing and two pieces of a matching three-piece luggage set
were on the floor with computer parts or software inside them.  The main piece of the luggage set was
missing.  Luquette ran out of his
apartment yelling “I’ve been robbed.” 
Minutes later, he realized that the missing piece of luggage was the bag
he had seen appellant putting in the car. 


Luquette ran towards Dilick and his co-workers and asked if
they had seen anyone suspicious around. 
They pointed to appellant, who had loaded the suitcase into the
car.  Luquette yelled at appellant and
ran towards him.  Appellant got in the
car and began to drive away, when Luquette jumped on the hood of the moving
car.  After a few seconds, Luquette
jumped off and wrote down the car’s license plate number.  Dilick and his co-workers also recorded part
of the license plate number. 








Based on the license plate numbers, Sergeant Wehr of the
Houston Police Department identified appellant as a suspect.  Wehr prepared a photo spread containing
appellant’s photo and showed it to Dilick. 
Although Dilick stated that appellant resembled the man he saw in the
apartment complex, he was not able to positively identify him.  Luquette positively identified appellant when
shown the photo spread.  Both Luquette
and Dilick positively identified appellant in court.

Standards of Review

When reviewing legal sufficiency, we view the evidence in the
light most favorable to the verdict and determine whether a rational trier of
fact could have found the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979).  When considering
factual sufficiency, we must examine the jury’s weighing of the evidence and
review the evidence in a neutral light.  Johnson
v. State, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000) (en banc).  We must determine whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We may set aside
a verdict on factual sufficiency grounds only when the verdict is so contrary
to the great weight and preponderance of the evidence as to be clearly
wrong.  Wesbrook v. State, 29
S.W.3d 103, 112 (Tex. Crim. App. 2000)(en banc).

Analysis of Appellant’s Issues

To support appellant’s conviction for burglary of a
habitation, the State was required to prove that appellant intentionally and
knowingly entered the complainant’s habitation with the intent to commit
theft.  See Tex. Pen. Code § 30.02(a).  The State may prove entry through
circumstantial evidence.  Gilbertson
v. State, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978); Draper
v. State, 681 S.W.2d 175, 177 (Tex. App.—Houston [14th Dist.] 1984, pet.
ref’d).  When there is independent
evidence of a burglary, the unexplained personal possession of recently stolen
property will support an inference that the possessor is guilty of the offense
in which the property was stolen.  Harris
v. State, 656 S.W.2d 481, 483 (Tex. Crim. App. 1983) (en banc); Hardesty
v. State, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983).  Once the permissible inference arises,
sufficiency of the evidence must still be examined according to applicable
evidentiary standards of appellate review, because the inference is not
conclusive.  Hardesty, 656 S.W.2d
at 77.








Appellant contends the evidence is legally and factually
insufficient to prove that he entered the habitation.  He points out that no witnesses placed him in
the complainant’s residence, and the only item of property seen in his hands
was “never strongly identified” as the complainant’s.  Appellant also asserts that other unknown
males who were also in the area at the time could have taken the suitcase and
appellant merely found it. 

We find that the totality of the circumstantial evidence
establishes entry.  Luquette, the
complainant, testified that as he drove into the apartment complex, he noticed
appellant putting a “reddish maroon” bag in a car.  Luquette then arrived at his apartment to
find that the front door of his residence had been broken down and he had been
robbed.  He testified that two pieces of
a matching three-piece luggage set he owned were on the floor, and he realized
he had seen appellant with the main suitcase from the set.  Dilick also saw appellant leaving the area of
Luquette’s apartment carrying a red suitcase and loading it into a car.  Moreover, appellant then fled, failing to
stop even when Luquette jumped atop the hood of the car he was driving.  Appellant offered no explanation for his
actions.  This evidence is legally and
factually sufficient to permit a reasonable jury to find that appellant entered
Luquette’s residence and stole his suitcase. 
See Draper, 681 S.W.2d at 177; Medrano v. State, 658
S.W.2d 787, 790 (Tex. App.—Houston [1st Dist.] 1983, pet. ref’d). 








Appellant acknowledges that entry may be proved by
circumstantial evidence, but he contends that the State cannot successfully
rely upon any inference of guilt based on the unexplained possession of
recently stolen property because it cannot satisfy the requirements that the
possession (1) is unexplained, and (2) involved a distinct and conscious
assertion of a right to the property.  See
Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984) (en banc)
(holding that to warrant an inference of guilt based on the possession of
stolen property, the possession must be personal, recent, unexplained, and the
defendant must assert a distinct and conscious assertion of a right to the
property).  First, appellant contends that,
because he gave no statement at or near the time of the incident and did not
testify at trial, any argument that his possession was unexplained amounts to
impermissibly using his silence against him in violation of the Fifth Amendment
to the United States Constitution. 
However, the inference that may be drawn from possession unless a
defendant provides some explanation after the arrest has been found not to
violate due process or the privilege against self‑incrimination.[1]  See Barnes v. United States, 412 U.S.
837, 846–47 (1973); Hall v. State, 490 S.W.2d 589, 592 (Tex. Crim.
App.1973).  Appellant cites no authority
in support of his contention otherwise. 
Therefore, we decline to find that application of this inference
violates his Fifth Amendment rights.

Second, appellant argues that, because the evidence showed
“at most” that he was merely placing the suitcase in his vehicle, any assertion
by the State that his possession of the property involved a “distinct and
conscious assertion of a right to the property” would effectively render the
phrase meaningless and redundant. 
However, we disagree with appellant’s characterization of the evidence.  Appellant’s conviction does not rest solely
on the evidence that he was seen placing the suitcase in the car, but on the
totality of the circumstantial evidence discussed above, including the evidence
of his determined flight from the scene. 
See Colella v. State, 915 S.W.2d 834, 839 n.7 (Tex. Crim. App.
1995) (en banc) (“We have repeatedly held that flight is evidence of a
circumstance from which an inference of guilt may be drawn.”).








Moreover, appellant’s reliance on Sutherlin is misplaced.  In that case, the Court of Criminal Appeals
held that the evidence was insufficient to support a theft conviction when it
established only that the defendant was found in possession of the stolen
property some five months after the theft. 
Sutherlin, 682 S.W.2d at 549. 
The court held that, because the defendant’s possession was not shown to
have been recent possession, it could not apply the inference of guilt
permissible from a defendant’s recent, unexplained possession of stolen
property.  Id.  The court also noted that remote possession
of stolen property unaccompanied by other incriminating facts was insufficient
to support a theft conviction.  Id.
at 550.  In contrast, appellant’s
possession of the property was neither remote nor unaccompanied by other
incriminating facts.  

Appellant’s issues are overruled.

Conclusion

The trial court’s judgment is affirmed.

 

 

 

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 5, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant
erroneously refers to this inference of guilt as a “presumption.”  See Hardesty, 656 S.W.2d at 76–77.