Opinion issued December 21, 2006




 



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00118-CR






MICHAEL CRAWFORD a/k/a NICHOLAS SCARDINO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 1011299 






MEMORANDUM OPINION


 A jury convicted appellant, Michael Crawford a/k/a Nicholas Scardino, of the
third-degree felony of evading arrest with a motor vehicle. (1)
 The trial court assessed
punishment at 10 years in prison. In four points of error, appellant challenges the
legal and factual sufficiency of the evidence to support his conviction.

 We affirm.

Background

 Deputy T. Klosterman of the Harris County Constable's Office Precinct Four 
was stopped along the Tomball Parkway using his radar to verify the speed of
vehicles passing by him. Deputy Klosterman noticed appellant's vehicle and another
vehicle alongside that of appellant entering the freeway at a high rate of speed. 
Deputy Klosterman activated his radar and recorded the vehicles traveling at between
115 and 118 miles per hour. As the two vehicles approached his position, Deputy
Klosterman pulled into a lane and activated his overhead lights. The driver of the
vehicle that had been alongside appellant's car abruptly slowed down and pulled onto
the shoulder of the road behind Deputy Klosterman's patrol car. Appellant, however,
made no attempt to stop. Instead, he accelerated as he passed Deputy Klosterman's
patrol car. Deputy Klosterman then shined a spotlight on appellant's vehicle, but
appellant did not slow down or stop. With his overhead emergency lights and siren
activated on his patrol car, Deputy Klosterman pursued appellant's vehicle. 
Appellant took the first exit off the freeway and continued at a high rate of speed
down the feeder road. Once appellant exited the freeway, Deputy Klosterman called
for backup because he believed that appellant did not intend to stop. Deputy
Klosterman then observed appellant run a red light at the Spring Cypress intersection. 
Deputy Klosterman continued to pursue appellant on the feeder road. Appellant
ultimately stopped on the feeder road approximately 0.8 miles after he had exited the
freeway. 

 A jury found appellant guilty of the third-degree felony offense of evading
arrest. The trial court sentenced appellant to 10 years in prison.

 In four points of error, appellant challenges the legal and factual sufficiency of
the evidence to support his conviction.

Legal Sufficiency Analysis


 A person commits the third-degree felony offense of evading arrest when he
intentionally flees from a person that he knows is a peace officer, who is attempting
to lawfully arrest or detain him, uses a vehicle while in flight, and has been previously
convicted of evading arrest. See Tex. Pen. Code Ann. § 38.04(a),(b)(2) (Vernon
2003). Here, appellant contends in points of error one and three that the evidence was
not legally sufficient to show either that he "knew that Deputy Klosterman was a
peace officer attempting to detain him prior to stopping" or to show that appellant
"fled from Deputy Klosterman prior to stopping." 

 In a legal-sufficiency review, we view the evidence in the light most favorable
to the verdict to determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000). The standard is the same for both direct and
circumstantial evidence. Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App.
1984). In determining the legal sufficiency of the evidence to show appellant's
intent, and when faced with a record that supports conflicting inferences, we "must
presume--even if it does not affirmatively appear in the record--that the trier of fact
resolved any such conflict in favor of the prosecution, and must defer to that
resolution." Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

 The evidence at trial, specifically the testimony of Deputy Klosterman, showed
the following, when viewed in the light most favorable to the verdict:


 Deputy Klosterman pulled out onto a lane of the freeway and activated his
emergency overheard lights before appellant sped by his position. 

 The other driver of the car traveling alongside appellant saw Deputy
Klosterman's lights and was able to stop and pull over behind Deputy
Klosterman's patrol car.

 Appellant did not slow down but continued to accelerate as he went by Deputy
Klosterman's position. 

 To signal appellant to stop, Deputy Klosterman shined a spotlight on
appellant's vehicle.

 There was ample room on the shoulder of the freeway for appellant to pull
over.

 With his emergency lights and siren activated, Deputy Klosterman pursued
appellant. 

 Appellant exited the freeway at the first available exit.

 Appellant continued to drive at a high rate of speed on the feeder road. Deputy
Klosterman estimated that appellant was still traveling in excess of 115 miles
per hour. 

 Appellant did not pull over despite the fact that there were many businesses
with accessible parking lots along that stretch of the feeder road.

 Appellant ran a red light at the first intersection. Deputy Klosterman believed
appellant to be going 100 miles per hour as he entered the intersection against
the red light.

 While on the feeder road, Deputy Klosterman continued to pursue appellant. 
Deputy Klosterman's emergency lights and siren were still activated as he
pursued appellant.

 Appellant stopped on the feeder road almost one mile after he had exited the
freeway. 

 Deputy Klosterman estimated that, in total, appellant had been "evading" him
for almost two miles.


 Appellant points out that "there is no evidence that the appellant ever looked
in his rearview mirror or otherwise saw [Deputy] Klosterman" before the time he
stopped. As a result of its nature, mental culpability must generally be inferred from
the circumstances under which a prohibited act or omission occurs. See Robles v.
State, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). Concomitantly, intent and
knowledge of an accused may be inferred from his acts, words, and conduct. See
Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999). Thus, it was
unnecessary for the State to produce evidence directly showing that appellant was
aware that Deputy Klosterman was attempting to stop him. 

 Appellant also claims that there was no indication that Deputy Klosterman was
in close proximity to him before the time that appellant ultimately stopped his
vehicle. To the contrary, the evidence showed that appellant initially passed directly
by Deputy Klosterman's position. At that time, Deputy Klosterman had activated his
overhead lights to stop the speeding cars. Indeed, the other driver speeding alongside
appellant saw the lights and stopped behind Deputy Klosterman's patrol car. 
Appellant's further conduct of accelerating as he passed Deputy Klosterman, of
taking the first available exit at a high rate of speed, and of running the red light,
considered in the context of Deputy Klosterman's attempts to make appellant aware
of his presence, is such that the jury could have reasonably inferred that appellant was
fleeing from Deputy Klosterman, whom appellant knew was attempting to stop him
for speeding.

 After viewing the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found that appellant intentionally fled
from Deputy Klosterman, a person he knew to be a peace officer, who was attempting
lawfully to detain him. See Tex. Pen. Code Ann. § 38.04(a). Thus, we hold that the
evidence was legally sufficient to support appellant's conviction for third-degree
felony evading arrest.

 We overrule appellant's first and third issues.

Factual Sufficiency Analysis


 In points of error two and four, appellant contends that the evidence was not
factually sufficient to show that he "knew that Deputy Klosterman was a peace officer
attempting to detain him prior to stopping" or to show that appellant "fled from
Deputy Klosterman prior to stopping." 

 When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under the first prong of
Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly
unjust" simply because, on the quantum of evidence admitted, we would have voted
to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 416-17 (Tex.
Crim. App.). Under the second prong of Johnson, we cannot declare that a conflict
in the evidence justifies a new trial simply because we disagree with the jury's
resolution of that conflict. Id. at 417. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. 

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King, 29 S.W.3d at 562. The fact-finder alone determines what weight
to place on contradictory testimonial evidence because that determination depends
on the fact-finder's evaluation of credibility and demeanor. Cain, 958 S.W.2d at
408-09. As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n.5. 

 In conducting a factual-sufficiency review, we must also discuss the evidence
that, according to the appellant, most undermines the jury's verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Appellant cites the following evidence
as undermining the jury's verdict:


 The "entire episode covered only two miles and was over 'pretty quick,'
namely between a minute and a half to two minutes."

 Appellant "voluntarily" stopped his car 0.8 miles after exiting the freeway and
was cooperative with the officers who arrested him.

 Because he was traveling approximately 115 miles per hour, appellant was far
ahead of Deputy Klosterman when the officer began his pursuit. Deputy
Klosterman testified that he only got "pretty close" to appellant after appellant
ran the red light. Appellant points out that it was after going through the
intersection that he stopped, suggesting that he first noticed Deputy
Klosterman after passing through the intersection and that he immediately
stopped after noticing the officer.

 Deputy Klosterman testified that he abandoned the use of the manual spotlight
once he began to pursue appellant because he needed to watch the road while
driving. Appellant asserts that this testimony suggests that his own attention
would likewise have been on the road ahead and not "on the police officer he
just passed."

 Appellant did "not try to evade Deputy Klosterman by losing him in the
neighborhoods and commercial properties that border the feeder." 

 The police officers who testified at appellant's trial "acknowledged that drivers
do not always pull over when and where patrol officers would like."

 Appellant's girlfriend, Jennifer Murphy, testified that appellant did not run a
red light at the Spring Cypress intersection. Rather, she testified that the light
was yellow when they entered the intersection. She also stated that appellant
skidded through the intersection because the pavement was wet from recent
precipitation. 

 Murphy testified that she was not aware of Deputy Klosterman until after she
and appellant had passed through the Spring Cypress intersection. Murphy
testified that the radio was playing loudly and that her attention was on the
road in front of the car because of the high rate of speed at which she and
appellant were traveling.

 Appellant points out that the officers found no contraband in the car and that
there were no warrants out for appellant's arrest. Appellant asserts that this
shows that appellant had no "motive" for evading arrest.


 The evidence that is favorable to appellant must be viewed in the context of the
entire record and not in isolation. Though the evidence showed that appellant
stopped "only" two miles after Deputy Klosterman initiated the stop, other evidence
showed that the other driver who was speeding with appellant was able to stop
immediately and pull behind Deputy Klosterman's patrol car. The evidence that
appellant relies on to show that he was not aware of Deputy Klosterman's presence
until after he passed through the Spring Cypress intersection must also be viewed in
the context of the evidence showing that appellant accelerated after he passed Deputy
Klosterman, immediately exited the freeway, continued traveling on the feeder road
at an estimated 115 miles an hour, and ran through a red light. From the evidence
relied on by appellant, the jury could have also reasonably inferred that appellant
stopped only when he realized that Deputy Klosterman was catching up with him and
that he had no hope of escaping. 

 Though appellant claims that the evidence shows that he had no motive to
evade arrest, the jury could have reasonably inferred that appellant was evading being
stopped for speeding. (2) Lastly, to the extent that appellant relies on the testimony of
his girlfriend, Jennifer Murphy, it was for the jury, as the determiner of the credibility
of the witnesses, to choose to believe all, some, or none of her testimony. See Cain,
958 S.W.2d at 407 n.5. 

 After viewing all of the evidence in a neutral light, we conclude that the
evidence of appellant's culpable mental state is not so weak that the verdict is clearly
wrong and manifestly unjust; neither is the verdict against the great weight and
preponderance of the evidence. We hold that the evidence was factually sufficient
to support appellant's conviction for third-degree evading arrest.

 We overrule appellant's second and fourth points of error.

 Conclusion


 We affirm the judgment of the trial court.


 

 



 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.


Do not publish. See Tex. R. App. P. 47.2(b).
1. See Tex. Pen.Code Ann. § 38.04(b)(2) (Vernon 2003).

2. Appellant correctly points out that motive is not an element of the offense of third-degree evading arrest.