**Affirmed and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00888-CR

---

**JOSE ALFREDO BEJAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 65832**

---

## M E M O R A N D U M   O P I N I O N

Appellant Jose Alfredo Bejar was convicted of theft of a firearm and sentenced to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice.  In a single issue he contends the evidence is insufficient to support his conviction.  We affirm.

On January 18, 2011, appellant's vehicle was stopped for a speeding violation.  When the patrol officer checked appellant and his passenger in the

computer, each of them had warrants out of Harris County. The computer check also confirmed that the vehicle was registered to appellant. The officer arrested appellant and his passenger and impounded the vehicle. During the inventory of the vehicle officers discovered a butane torch, $1,339 in cash, and a cell phone in the console. In the driver's side door pocket, officers found a glass pipe commonly used for smoking cocaine. In a compartment built in under a coin holder officers found portable scales and a small plastic bag containing methamphetamine. Under the cupholder in another compartment officers found a second glass pipe and a handgun. Officers determined through use of the National Crime Information Center that the handgun had been reported stolen approximately eleven months earlier.

In February 2010, James Johnson reported to the Pasadena Police Department that his handgun had been stolen from his truck. He had parked his truck in his gym parking lot. When he returned home that evening from the gym he planned to take the gun out of his truck and clean it. He discovered that it was missing and reported it to the police. At trial, he identified the gun taken from appellant's vehicle as the gun he had reported stolen eleven months earlier. Johnson had not given anyone permission to use his gun.

Officers also obtained a search warrant and downloaded information from appellant's cell phone in their investigation. They found several text messages that appeared to be evidence of drug deals plus messages that indicated appellant was attempting to sell stolen goods. There was also a photograph of appellant holding a gun similar to the one found hidden in his vehicle.

After the jury found him guilty, appellant testified at the punishment phase of his trial. Appellant testified that he knew about the gun in his vehicle, but when he was arrested he was surprised they found it in his vehicle. Appellant admitted

2

that he regularly used methamphetamine, but he did not manufacture or sell it.

In his sole issue, appellant contends the evidence is insufficient to support a finding that he stole the handgun, or that he possessed it with knowledge that it was stolen. When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences. *Id*.

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property if the appropriation is without the owner's effective consent, or the property is stolen and the actor appropriates the property knowing it was stolen by another. Tex. Penal Code § 31.03.

Appellant first contends the State failed to prove he appropriated the gun with the intent to deprive the owner. The indictment alleged that:

> JOSE ALFREDO BEJAR, hereinafter styled Defendant, on or about the 18th day of June, 2011, and before the presentment of the indictment, in the County and State aforesaid, did then and there intentionally or knowingly, unlawfully appropriate by acquiring or exercising control over property, namely, a firearm owned by James Johnson hereinafter referred to as Complainant, without the effective consent of Complainant and with intent to deprive the Complainant of said property[.]

Recent, unexplained possession of stolen property is normally a sufficient

3

circumstance, in and of itself, to convict the possessor of stolen property of theft. *Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Marbles v. State*, 874 S.W.2d 225, 227 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Before this presumption may be invoked, there must be evidence that such possession was recent, personal, unexplained, and involved a distinct and conscious assertion of right to the property by the defendant. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). Remote possession of stolen property, unaccompanied by additional incriminating facts, is insufficient to support a theft conviction. *Id*. at 550.

In this case, appellant's possession of the gun was personal because he was the owner and driver of the vehicle in which the gun was found. *See Sweeny v. State*, 925 S.W.2d 268, 271 (Tex. App.—Corpus Christi 1996, no pet.). Appellant's actions showed a conscious assertion of right to the gun, evidenced by the fact that it was hidden in the vehicle in a compartment created for the purpose of hiding objects. Further, there was no evidence that appellant explained his possession at the time of his arrest.

Appellant contends, however, that there is no evidence that he intended to deprive the owner of the property. Mental states are almost always inferred from acts and words. *See Moore v. State*, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998). Mental culpability is of such a nature that it generally must be inferred from the circumstances under which a prohibited act or omission occurs. *Id*. Culpable mental state is most commonly grounded on inferences to be drawn by the fact finder from the attendant circumstances. *See Lane v. State*, 763 S.W.2d 785, 787 (Tex. Crim. App. 1989). Thus, the fact finder may infer intent or knowledge from any facts in evidence that tend to prove the existence of such a culpable mental state. *See Adams v. State*, 222 S.W.3d 37, 49 (Tex. App.—Austin 2005, pet. ref'd).

4

The record reflects evidence from appellant's cell phone that indicated appellant was engaged in the distribution of drugs and stolen goods. There was a picture stored on appellant's phone showing him holding a handgun similar to the one found in appellant's vehicle. Appellant points to his testimony during the punishment phase that the gun belonged to his passenger. Evidence introduced during punishment, however, cannot be considered in reviewing the sufficiency of the evidence to support the conviction. *Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001).

Having reviewed all of the evidence in the light most favorable to the verdict, we find that a rational juror could have found the elements of the offense of theft of a firearm beyond a reasonable doubt. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


/s/    Tracy Christopher
       Justice


Panel consists of Justices Christopher, Donovan, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5