In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00090-CR
______________________________


KERRY LARNEZ ROLLERSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20523


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Kerry Larnez Rollerson was convicted in a bench trial for burglary of a habitation.


 
The trial court assessed punishment at twenty years' imprisonment and entered an
affirmative deadly weapon finding. Rollerson appeals, challenging the legal and factual
sufficiency of the evidence sustaining his conviction, as well as the sufficiency of the
evidence sustaining the deadly weapon finding. We find the evidence factually insufficient
to support the conviction and remand for a new trial.
Background
          In the Summer of 2003, three separate houses in Lamar County were burglarized
on three consecutive days. Floyd McCoin's home was burglarized July 15. A Belgian-made pistol and its holster were stolen. James Hines' residence was burglarized July 16. 
A television, a metal box, binoculars, a coin collection, and an assortment of $2.00 bills
were stolen. Neil Norrell's home was burglarized on July 17. Several guns and numerous
uncirculated coins were stolen.
          On July 18, the day after the Norrell burglary, Westside Checking notified law
enforcement officers that someone was trying to cash uncirculated coins. Officers were
sent to investigate, and when they arrived, Rollerson was found with a small bank bag filled
with uncirculated coins. Norrell later identified the coins as being the ones stolen from his
home the previous day. The officers also found a briefcase belonging to Norrell in a
vehicle in which Rollerson was a passenger. Rollerson was arrested in connection with the
burglaries.
          The same day, after hearing about his arrest, Rollerson's brother took some guns
that were in his mother's house and buried them in the back yard of his father's house. 
Among the buried weapons was a pistol stolen from Norrell's home. 
          This appeal concerns only the charge and conviction of burglary of a habitation
associated with the Hines burglary. Rollerson was also charged with burglary of a
habitation, theft of a firearm, and felon in possession of a firearm in connection with the
McCoin burglary. He was also charged with burglary of a habitation, theft of a firearm, and
felon in possession of a firearm in connection with the Norrell burglary. 
Discussion
          Rollerson challenges the legal and factual sufficiency of the evidence. We hold the
evidence is legally sufficient, but factually insufficient to support the conviction.
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
          A person commits the offense of burglary if, without the effective consent of the
owner, he or she enters a habitation with intent to commit theft. Tex. Pen. Code Ann.
§ 30.02(a)(1). Burglarious entry can be proven solely through circumstantial evidence. 
Gilbertson v. State, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978). It is
undisputed that someone broke into Hines' home and stole his property. It was the State's
burden to prove that Rollerson was responsible. The following evidence supports the
conviction. After Rollerson's arrest, law enforcement officers searched his mother's house. 
In the back room of the house, they found the television and the binoculars stolen from
Hines' home. The State presented testimony that this room belonged to Rollerson. The
State also presented testimony that Rollerson had brought some coins to an
acquaintance's house and that they proceeded to exchange those coins for cash. Viewing
the above evidence in the light most favorable to the verdict, we hold that a rational fact-finder could have found that all of the elements of burglary had been proven beyond a
reasonable doubt.
          In a factual sufficiency review, we view all the evidence in a neutral light and
determine whether the evidence supporting the verdict is too weak to support the finding
of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough
that the beyond-a-reasonable-doubt standard could not have been met. Threadgill v.
State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d
477, 486 (Tex. Crim. App. 2004)).
          No one saw Rollerson in Hines' house. No fingerprints were found. The only pieces
of evidence recovered from the burglary were the television and binoculars found in
Rollerson's mother's house, and it was never conclusively established if or when Rollerson
possessed them. The State did not present evidence that showed Rollerson was in his
mother's house during the time period surrounding the burglaries. In fact, it was disputed
at trial whether the room in which the stolen property was found belonged to Rollerson. 
Rollerson's brother testified:
Q.Now, did Kerry live at that house or did he kind of just stay
there occasionally, kept some property there and lived some other places?
 
A.He stayed there occasionally. I mean, it was his room but if he
could -- if he come there, he could stay there anytime he wanted to.
 
Q.If he stayed the night that's where he slept, is that fair to say?
 
A.Yeah.
 
Q.Okay. But he didn't live there full-time?
 
A.No.
 
Q.He had other places he lived at?
 
A.Yeah. There was other people that came and stayed in the
house also.
 
Q.But that's primarily his room as far as the belongings, personal
affects [sic] and stuff like that?
 
A.That room was a guest room.
 
          In a related appeal, we found the evidence sufficient to support Rollerson's
convictions associated with the Norrell burglary. See Rollerson v. State, cause number
06-05-00088-CR. The State argues that the "modus operandi" were the same in all three
burglaries, suggesting that, if Rollerson is guilty of one of the burglaries, he must be guilty
of all three. The State points out that there were (a) three burglaries, (b) during the
daytime, (c) in rural areas, (d) when no one was home, (e) items were stolen from each
residence, and (f) a single pillowcase was taken off the bed in each residence. The State
also points out there was evidence that cotton gloves were worn by the perpetrator in two
of the burglaries. These similarities are too generic to support an inference of guilt. 
          The State contends the evidence that Rollerson was in possession of recently stolen
property supports an inference of guilt. In cases where there is independent evidence of
a burglary, the unexplained personal possession of recently stolen property may constitute
sufficient evidence to support a conviction. See Harris v. State, 656 S.W.2d 481, 483 (Tex.
Crim. App. 1983); Dixon v. State, 43 S.W.3d 548, 552 (Tex. App.—Texarkana 2001, no
pet.). Mere possession of stolen property does not give rise to a presumption of guilt, but,
rather, it will support an inference of guilt of the offense in which the property was stolen.
Hardesty, 656 S.W.2d at 76. To warrant an inference of guilt based solely on the
possession of stolen property, it must be established that the possession was personal,
recent, and unexplained. Sutherlin v. State, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984);
Grant v. State, 566 S.W.2d 954, 956 (Tex. Crim. App. [Panel Op.] 1978). The inference
of guilt is not conclusive, however, and the sufficiency of the evidence must still be
examined according to applicable evidentiary standards of appellate review. Hardesty v.
State, 656 S.W.2d 73, 77 (Tex. Crim. App. 1983).
          Also, the possession must involve a distinct and conscious assertion of right to the
property by the defendant. Grant, 566 S.W.2d at 956. If the defendant offers an
explanation for his or her possession of the stolen property, the record must demonstrate
the account is false or unreasonable. Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim.
App. 1977). Whether a defendant's explanation for possession of recently stolen property
is true or reasonable is a question of fact to be resolved by the trier of fact. Dixon, 43
S.W.3d at 552.
          Rollerson was found with coins stolen from the Norrell burglary in his possession. 
But, Rollerson was not found with any property taken during the Hines burglary. In order
to support an inference of guilt for the Hines burglary, it needed to be shown that Rollerson
was in possession of property taken from Hines' residence. Rogers v. State, 929 S.W.2d
103, 108 (Tex. App.—Beaumont 1996, no pet.). Merely showing that Rollerson was in
possession of some stolen property is not sufficient. 
          Viewing all of the evidence in a neutral light, we find the evidence is too weak, and
the evidence to the contrary too strong, to support a finding of guilt beyond a reasonable
doubt.
Deadly Weapon Finding
          The trial court made an affirmative finding that Rollerson used and exhibited a
firearm during the commission of each offense or during the immediate flight therefrom. 
Rollerson challenges the sufficiency of the evidence to support these findings. 
          To review evidence for legal sufficiency, this Court must view the evidence in the
light most favorable to the verdict and determine if a rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. See Narvaiz v. State,
840 S.W.2d 415, 423 (Tex. Crim. App. 1992). When applied to the special issue regarding
the use or exhibition of a deadly weapon during the commission of a felony offense, the
question facing this Court is whether a rational trier of fact could find beyond a reasonable
doubt that the mere possession of firearms facilitated the associated felony. Gale v. State,
998 S.W.2d 221, 223–24 (Tex. Crim. App. 1999). 
          The Texas Court of Criminal Appeals has said, "[U]sed . . . a deadly weapon" during
the commission of the offense means that the deadly weapon was employed or utilized in
order to achieve its purpose. Whereas "exhibited a deadly weapon" means that "the
weapon was consciously shown or displayed during the commission of the offense." 
Patterson v. State, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). Even simple possession
of a firearm may be sufficient to support a deadly weapon finding if such possession
facilitates the associated felony. Id. 
          The State presented evidence that a cylinder of a revolver was found on the floor
of Hines' residence and the pin for that cylinder was found in Hines' back yard. This was
the only evidence suggesting that whomever entered Hines' home during the burglary
carried a firearm. We hold that this evidence is legally insufficient to support the trial
court's finding that Rollerson "used" or "exhibited" a deadly weapon during the burglary. 
          We find the evidence to be factually insufficient to support the conviction. 
Accordingly, we reverse the judgment and remand for a new trial. The State is not
permitted, on retrial, to seek a deadly weapon finding.
 


                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      March 24, 2006
Date Decided:         May 17, 2006

Publish