**Opinion issued July 24, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00892-CR**

————————————

**ILSE A. BERNAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1385116**

**MEMORANDUM OPINION**

A jury found Ilse Bernal guilty of burglary of a habitation with the intent to

commit theft,[1] and the trial court assessed punishment at five years' confinement,

suspended the sentence, and ordered Bernal to be placed on community

---

[1]     *See* TEX. PENAL CODE ANN. § 30.02 (West 2011) (criminalizing entry of
habitation with intent to commit theft).

supervision for five years. In two issues, Bernal contends that there was insufficient evidence to support her conviction and that the trial court erred in overruling her hearsay objection. We affirm.

## Background

One afternoon, Samuel Ibanez returned to his trailer home and discovered that it had been burglarized. When Ibanez entered the trailer, "everything was disorderly." The furniture, cushions, and trash can had been over-turned, and a living room window had been broken. According to Ibanez, colognes, watches, some sports shirts, and a pair of glasses were missing. Ibanez then went outside to find someone who spoke English to report the burglary to the police. As Ibanez walked back toward his trailer, he saw Bernal inside of it. According to Ibanez, Bernal climbed out of the broken window, jumped over a fence, and ran away carrying a backpack. Ibanez yelled at Bernal, asking her to stop and to leave the backpack. Bernal kept running.

Ibanez testified that he saw Bernal's face and that he recognized her as a neighbor who lived in a nearby trailer. When Bernal refused to stop, Ibanez went to Bernal's trailer to find her. Bernal was not home, but Ibanez spoke with Bernal's mother.

Over Bernal's objection, the trial court allowed Ibanez to respond to the prosecutor's question, "What did you ask [Bernal's] Mother?" Ibanez testified that

2

he told Bernal's mother that her daughter had "robbed" his trailer. According to Ibanez, the mother responded, saying that "she would be responsible, that she would pay for everything and that later when her husband came, we could talk."

Bernal testified in her own defense, saying that she was at a friend's house at the time of the burglary, that "I wouldn't even do that [commit burglary]," and that "there's no way" that she could have fit through the broken living room window.

The jury found Bernal guilty of burglary of a habitation with the intent to commit theft and assessed punishment at five years' confinement. However, the trial court suspended the sentence and placed Bernal under community supervision for five years.

Bernal timely appealed.

## Sufficiency of the Evidence

Bernal first contends that there was insufficient evidence to prove beyond a reasonable doubt that she committed the burglary because "there is no physical evidence in the record linking [her] to the burglary."

### A. Standard of review

We review a challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia,* 443 U.S. 307, 318–20, 99 S. Ct. 2781, 2788–89 (1979). *See Brooks v. State,* 323 S.W.3d 893, 894–913 (Tex. Crim. App. 2010); *Ervin v. State,* 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet.

3

ref'd). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that the State proved each essential element of the charged offense beyond a reasonable doubt. *See Jackson,* 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson,* 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Clayton,* 235 S.W.3d at 778. An appellate court presumes the factfinder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793. The State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012); *Cantu v. State*, 395 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

Evidence can be insufficient when (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum"

4

of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; or (4) the acts alleged do not constitute the criminal offense charged. *See Jackson,* 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Laster,* 275 S.W.3d at 518; *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida,* 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

**B.     Evidence of burglary**

A person commits burglary of a habitation if she, "without the effective consent of the owner . . . enters a habitation . . . not then open to the public, with intent to commit a felony, theft, or an assault . . . ." TEX. PENAL CODE ANN. § 30.02 (West 2011). A person "enters" a habitation if she intrudes any part of her body or any physical object connected with her body into the habitation. *Id.* § 30.02(b)(1)–(2).

A lack of fingerprint or other physical evidence alone does not preclude a jury from concluding that a person has committed burglary, and the testimony of a single eyewitness can be sufficient to support a jury's finding of guilty. *See Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Furthermore, a burglar's identity can be proven by circumstantial evidence. *See Earls v. State*, 707

5

S.W.2d 82, 85 (Tex. Crim. App. 1986); *Smith v. State*, 56 S.W.3d 739, 744 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (noting that "[i]dentity may be proved through direct or circumstantial evidence, and through inferences."). And while a conviction cannot be based merely on a defendant's presence at the scene of the offense, when combined with other facts, it may be sufficient to prove a defendant's guilt. *See, e.g.*, *Phillips v. State*, 178 S.W.3d 78, 81 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding that there was sufficient evidence of burglar's identity even though burglar was not seen entering or exiting habitation because there was evidence placing burglar inside fenced and locked backyard where stolen goods were stored).

Bernal cites *Rollerson v. State*, 196 S.W.3d 818, 821–22 (Tex. App.—Texarkana 2006), *aff'd*, 227 S.W.3d 718 (Tex. Crim. App. 2007), to support her contention that there was insufficient evidence to establish her identity as the burglar when there was no physical evidence or fingerprints connecting her to the burglary. In *Rollerson*, there was insufficient evidence that the defendant had committed the burglary when "[n]o one saw [the defendant] in [the complainant's] house. No fingerprints were found. The only pieces of evidence recovered from the burglary were the television and binoculars . . . ." *Id.* at 821. Based on the defendant's uncontroverted testimony that he did not actually possess the stolen

property, the evidence was "too weak" to prove beyond a reasonable doubt that the defendant had committed the burglary. *Id.* at 822.

Unlike *Rollerson*, the evidence was sufficient for a rational factfinder to conclude that Bernal committed the burglary. First, Ibanez testified that he saw Bernal inside of his house. According to Ibanez, Bernal then climbed out of the broken window, jumped over a fence, and ran away from his trailer.

Second, Ibanez testified that he was able to catch up to Bernal and that he asked her to "please give me the backpack" because "that's where she had everything she had taken." But Bernal refused and escaped. At trial, Ibanez positively identified Bernal as the person who refused to return the backpack.

Ibanez's testimony that he saw Bernal inside and outside of his house and his positive, in-court identification of her were sufficient evidence to support the jury's conclusion that Bernal committed the burglary. While Bernal offered an alibi, we presume that the jury reconciled any conflicts in testimony, determined the weight that should be given to the evidence, and made reasonable inferences drawn from the facts. *See Williams*, 235 S.W.3d at 750. Accordingly, we conclude that, when viewed in the light most favorable to the verdict, the evidence was sufficient to support the jury's conclusion that Bernal committed burglary of a habitation with the intent to commit theft.

**Hearsay**

Bernal next contends that the trial court erred in allowing Ibanez to testify about a conversation he had with Bernal's mother regarding Bernal's alleged involvement in the burglary because it was inadmissible hearsay.

## A. Standard of review

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd). We will uphold the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Tillman*, 354 S.W.3d at 435; *Walker*, 327 S.W.3d at 22. If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of applicable law, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Tarley v. State*, 420 S.W.3d 204, 206 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

## B. Whether the trial court erred by admitting Ibanez's statement

"'Hearsay' is an out-of-court statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d). An extrajudicial statement that is offered to show what was said, rather than to prove the truth stated therein, does not constitute hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App.

8

1995); *see Ellis v. State*, 99 S.W.3d 783, 788 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

To preserve an error for appellate review, the complaining party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint and to afford the trial court an opportunity to rule on the objection. TEX. R. APP. P. 33.1(a)(1)(A); *see Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002); *Pipkin v. State*, 329 S.W.3d 65, 69 (Tex. App.— Houston [14th Dist.] 2010, pet. ref'd). If a defendant fails to object, she forfeits her right to challenge the alleged error on appeal unless the alleged error was fundamental and affected substantial rights. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Smith v. State*, 420 S.W.3d 207, 214 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (noting that "a substantial right is affected when an error has a substantial and injurious effect or influence in determining a jury's verdict.").

At trial, the following colloquy occurred:

| PROSECUTOR: | Okay. You said you went to speak to someone's mother. Whose mother did you speak to? |
| IBANEZ: | With her [Bernal's] mother. |
| PROSECUTOR: | And this is at the trailer that's only a few trailers down? |
| IBANEZ: | Yes, where she — where she live. |
| PROSECUTOR: | What did you ask [Bernal's] Mother? |

9

| | |
|---|---|
| IBANEZ: | My friend and I went down there together and we told her—and we said, you know, that we were— |
| DEFENSE COUNSEL: | Objection, Your Honor, hearsay. |
| TRIAL COURT: | Overruled. |
| IBANEZ: | We said that we were embarrassed and he said—she said, well, when her husband came home. |
| PROSECUTOR: | Can you ask him—what did you ask the mother, just what did you ask her? |
| IBANEZ: | We went and we told her that her daughter had robbed us. |
| PROSECUTOR: | Okay. And how did she respond to you? |
| IBANEZ: | At that time she said that she would be responsible, that she would pay for everything and that later when her husband came, we could talk. And then I went and talked to the man and he told me that he wasn't going to take charge of it, he wasn't going to be responsible for that. |

Bernal contends that the statements "her daughter had robbed [them]," that "she would be responsible," and that she would "pay for everything" were hearsay because they were offered to prove "the truth of the matter that [Bernal] had committed the burglary and was guilty." *See Dinkins*, 894 S.W.2d at 347.

Bernal's counsel timely objected when the prosecutor first asked "What did you ask the mother?" And the trial court permitted Ibanez to respond over her

10

objection. Although Ibanez was only asked about his question to Bernal's mother, he testified about his own out-of-court statement that he told the mother that Bernal had robbed him. The question to the mother would not have been hearsay if it was not offered for the truth of the matter asserted, did not imply a statement, and was offered to prove that Ibanez had spoken with Bernal's mother, not that Bernal had committed the robbery. *See* TEX. R. EVID. 801(c). Bernal did not object that Ibanez's answer was nonresponsive. But because Ibanez's answer was interrupted by the objection, Ibanez did not make any affirmative statement about the robbery. When the prosecutor followed up to ask two additional questions to explain the conversation, Bernal's counsel did not again object and Ibanez testified about the mother's response. By failing to timely object, Bernal waived any complaint on appeal.[2]

Because Bernal waived any error, we overrule his second issue.

---

[2] Even assuming that the trial court erroneously admitted Ibanez's testimony, any error was harmless and did not affect Bernal's substantial rights because the jury had already heard ample testimony regarding Bernal's guilt before those statements were admitted. *See* TEX. R. APP. P. 44.2(b); *see, e.g.*, *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (holding that any error having no effect or only slight influence on verdict was harmless when other evidence existed in record to prove defendant's guilt); *Campos v. State*, 317 S.W.3d 768, 779 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (holding that any error in trial court's admission of hearsay evidence was harmless when there was other sufficient evidence proving defendant's guilt).

## Conclusion

Having overruled both of Bernal's issues, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).