# NO. 12-14-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN LESLIE DURHAM,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justin Leslie Durham appeals the revocation of his community supervision. In one issue, Appellant argues the trial court abused its discretion in determining that he violated his community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with aggravated robbery, a first degree felony. However, Appellant entered a plea of "guilty" to the lesser included offense of robbery, a second degree felony. Appellant and his counsel signed a document entitled "Written Plea Admonishments-Waivers-Stipulation" in connection with his guilty plea in which Appellant confessed to having committed each and every element of the lesser included offense. The trial court accepted Appellant's plea, adjudged him "guilty" of the offense of robbery, and assessed his punishment at ten years of imprisonment. The trial court ordered that the first seventy-five to ninety days of Appellant's sentence be in the Special Alternative Incarceration Program ("SAIP"), commonly known as "boot camp." The trial court also ordered that after Appellant successfully completed SAIP, the imposition of Appellant's punishment would be suspended, and Appellant would be placed on "shock" community supervision for ten years.

Later, the State filed a motion to revoke community supervision, alleging that Appellant had violated the terms of his community supervision by committing the offense of burglary of a habitation. At the hearing on the motion, Appellant pleaded "not true." Thereafter, the trial court found the State's allegation to be "true," revoked Appellant's community supervision, and assessed his punishment at five years of imprisonment. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the trial court abused its discretion in determining that he violated his community supervision.

### Standard of Review

In community supervision revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a hearing on a motion to revoke community supervision, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex .Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). If there is some evidence to support the finding of even a single violation, the revocation order must be upheld. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

**Analysis**

The State's motion alleged that Appellant violated the first condition of his community supervision by committing an offense against the laws of this state. To prove Appellant committed the offense of burglary of a habitation, the State was required to show by a preponderance of the evidence that Appellant, without the effective consent of the owner, entered a habitation, and committed or attempted to commit a theft. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Burglary can be proven solely through circumstantial evidence. *Gilbertson v. State*, 563 S.W.2d 606, 608 (Tex. Crim. App. 1978); *Rollerson v. State*, 196 S.W.3d 818, 820 (Tex. App.—Texarkana 2006) (*Rollerson I*), *aff'd*, 227 S.W.3d 718 (Tex. Crim. App. 2007) (*Rollerson II*).

At the hearing on the motion to revoke, Tonderick Evans testified that he lived in a residence in Lufkin, Angelina County, Texas. He stated that on October 28, 2013, he lost or forgot his key to the house and left his window unlocked. He returned from work that evening and noticed that several items in his room were missing, including a PlayStation® 3 console game, a Mortal Kombat vs. DC videogame that was inside the console game, the empty console case for that videogame, and a "Hood Life" DVD. Evans reported the theft to law enforcement.

Sean Alexander, a Lufkin police officer, testified that he responded to the call. Alexander did not see any signs of forced entry into Evans's room nor did Evans's room show any signs of a theft. Evans told Alexander that he believed Appellant had committed the burglary. He stated that Appellant had visited his house, played video games on his PlayStation,® and knocked on his window looking for Evans's brother. Based on the information that he received from Evans, Alexander went to Appellant's house shortly thereafter, and discovered a Mortal Kombat console case on Appellant's bed and, later that day, a "Hood Life" DVD in the DVD player. At the hearing, Evans described the console case as having markings including a "smiley face," two hands, and a number "2" on the inside of the case. He stated that the DVD was gray in color with "Hood Life 3" written on the DVD with a marker. Alexander described the console case and DVD seized from Appellant's room as having the distinct markings described by Evans. A witness, Calvin Duane Holmes, testified that on the day of the burglary, he saw Appellant standing near Evans's house looking for Evans's brother. He informed Appellant that he did not know if Evans was there, but told him to knock on his window.

3

Evans equivocated on whether the console case or the DVD seized from Appellant's room were the ones stolen from his house. He stated at first that the console case was not the one that was stolen, and that the writing on the DVD was smaller and not in his handwriting. Later, he admitted that the console case had the distinct characteristics that he described to Alexander, and that the DVD was the one stolen from his house. Appellant contends that this evidence shows the console case and DVD were not the same as those that were reportedly stolen, and thus, there is insufficient evidence to support a finding that he violated his community supervision. However, the trial court, as the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, resolved that issue against Appellant. *See Taylor*, 604 S.W.2d at 179; *Trevino*, 218 S.W.3d at 240.

Appellant also points out that without independent evidence of a burglary, his unexplained possession of a similar console case and DVD is insufficient evidence of guilt to support a conviction, citing *Harris v. State*, 656 S.W.2d 481, 483 (Tex. Crim. App. 1983). But even if there is no independent evidence of a burglary, mere possession of stolen property will support an inference of guilt regarding the offense during which the property was stolen. *See Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983). To warrant an inference of guilt based solely on the possession of stolen property, the state must establish that the possession was personal, recent, and unexplained. *See Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). The evidence shows that the console case and DVD were found in Appellant's bedroom, that the time lapse between the burglary and the discovery of the stolen items was brief, that a witness placed Appellant at Evans's house on the day of the burglary, and that Appellant did not explain his possession of the stolen items. This evidence supports an inference of guilt based solely on the possession of the stolen items. *See id.*

Based on the foregoing evidence, which we consider in the light most favorable to the trial court's order, we conclude that the State met its burden to prove by a preponderance of the evidence that Appellant committed an offense under the laws of the State of Texas in violation of the terms and conditions of his community supervision, i.e., burglary of a habitation. Therefore, the trial court did not abuse its discretion in revoking Appellant's community supervision. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 30, 2015.
*Panel consisted of Worthen, C.J. and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 30, 2015**

**NO. 12-14-00151-CR**

**JUSTIN LESLIE DURHAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CR-29271)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J. and Hoyle, J.*